**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SILVERADO CAPITAL LLC,
a California limited liability company,

     Plaintiff,

v.

WATER STREET CAPITAL, INC.,
a Florida corporation,

     Defendant.

Case No.: 3:23-cv-00556

**DEFENDANT, WATER STREET CAPITAL, INC.'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION TO COMPEL INSPECTION**

## I. Introduction

On April 10, 2024, Water Street filed its Motion to Compel Inspection Pursuant to Second Rule 34 Requests and Incorporated Memorandum of Law (D.E. 24) (the "Motion to Compel").

On May 1, 2024, Silverado filed its Response to Water Street's Motion to Compel (D.E. 28) (the "Response"). Therein, Silverado explained that on April 19, 2024—*after* the filing of the Motion to Compel but *before* Silverado's deadline to respond—it produced certain missing screenshots of Signal messages and associated metadata, including from both Jeffrey Enquist's iPhone and laptop, and including those relied upon by Silverado's expert, Michael Weil. (D.E. 28, pg. 2). Silverado contends this effectively resolves all issues raised in Water Street's Motion to Compel.

Silverado's belated production still does not resolve the gravamen of Water Street's Motion to Compel. That is, Silverado provided its expert the ***entire*** forensic image of Mr. Enquist's iPhone and laptop, allowing him to choose which files to examine and report on in reaching his opinions. Water Street merely seeks to provide its expert the same access to the same materials as Silverado's expert. As explained more fully below, there is objective evidence suggesting that Silverado manipulated Signal messages between Mr. Enquist and Davis Berg warranting an order compelling an inspection of the entire forensic image so that Water Street's expert can review for any indication of manipulation.

Water Street is not on a fishing expedition, rather, it is seeking nothing more than that to which Silverado's expert had access, and presumably still has access for

rebuttal purposes. *See, e.g., Measured Wealth Private Client Grp., LLC v. Foster*, 2021 WL 309033, at *2 (S.D. Fla. Jan. 29, 2021) (granting motion to compel forensic examination of defendant's cell phone to recover messages during the relevant period, where defendant had deleted various messages and defendant's production had been haphazard and incomplete, and finding that "Plaintiff is not engaged in an improper fishing expedition…[r]ather, Plaintiff has made a legitimate discovery request based on the production that Defendant has completed to date").

I. **There is objective evidence of manipulation that justifies Water Street's review of the entire forensic image.**

From the outset of this case, Water Street asserted an Affirmative Defense of fraud upon the Court/spoliation of evidence based on Mr. Enquist falsifying the actual messages between the parties concerning the alleged 10% fee and attaching these claimed messages as exhibits to the Complaint. (*See* D.E. 11.) Water Street went down this path because it *knew* that Davis Berg did not write the messages as claimed.

First, and notably, the key messages purportedly setting forth the fee arrangement of 10% of net profits were not attached to Silverado's response to Water Street's February 2022 correspondence in which it rebuffed Silverado's demand that it be paid 10% of profits. If such messages genuinely existed in February 2022, surely Silverado would have produced the "proof" of the denied agreement then. Nor did Silverado enclose them in its pre-suit demand letter of September 23, 2022, despite the parties ostensibly exchanging the messages in March 2021. Further, communications between Mr. Enquist and Water Street's principal, Gilchrist Berg, did not include Mr.

2

Enquist alerting Gilchrist Berg to his purported written discussions with Davis Berg regarding a 10% of net profits fee arrangement, nor did Mr. Enquist ever send Gilchrist Berg copies of these claimed Signal messages before filing them as complaint exhibits.

Mr. Enquist set the Signal messages to disappear at short intervals based on his representations that he did not want such communications to be discoverable in other litigation. Yet his actions of taking screenshots and saving the messages is at odds with his expressed desire. Indeed, Silverado's narrative in its Response, that he was worried enough about preserving the screenshots that he transferred them to his laptop, contradicts the claimed motive in communicating through Signal. If the messages were genuine, authentic, and important enough to preserve, it seems reasonable to expect that Silverado would have attached the Signal messages to its pre-suit communications with Gilchrist Berg if they were both legitimate and captured when claimed.

As further evidence of manipulation, a Signal message attached to Silverado's Complaint as Exhibit F appears to show Davis Berg stating, "Btw, the fact that you get 50% of the *carry* is more than generous." (emphasis supplied). *Carry* is not a term generally used in this context in the hedge fund industry. Davis Berg flatly denies ever writing or otherwise making such a statement to Mr. Enquist, and in fact, disclaims that such a phrase is within his normal vernacular. As evidence to buttress Mr. Berg's assertions, Water Street searched ten years of Davis Berg's emails looking for his use of the term "carry." In these emails Davis Berg had not used this term once in these emails to refer to a fee earned by the hedge fund from its clients. *See* Declaration of Josh Resnick attached hereto as **Exhibit "A."**

3

Finally, while Water Street immediately sought the native versions of these images in discovery on June 15, 2023—the day of the parties' Rule 26(f) conference—it took Silverado approximately five months to produce *any* images of the messages with metadata intact. Water Street determined that the associated metadata (May 2022) was inconsistent with the period during which Mr. Enquist could have created the images due to Signal's automatic deletion feature. As a result, Water Street served the follow up discovery request at issue here, inspection of Mr. Enquist's phone's forensic image. Four months later, Silverado produced some of the native files for the messages attached to the Complaint as exhibits. It took yet another month for Silverado to finally provide an explanation for the inconsistent metadata: an error by Silverado's vendor with the processing, hosting, and production of all versions of all screenshots. Taken together, all of these facts strongly suggest manipulation of the messages, or, at least, a breakdown of the discovery process, justifying a review of the entire forensic image of the iPhone and laptop.

**II.     This Court must permit Water Street's expert to review the same materials that Silverado's expert has access to.**

Importantly, the belated production does not tend to show the authenticity of the *substance* of the communications, just the consistency of the *dates* of the screenshots. In other words, the screenshots are not dispositive either way of fraudulent manipulation of the images. Water Street and its expert need access to the entire forensic image of Mr. Enquist's iPhone and laptop to determine if there is other evidence of manipulation. For example, it is possible that Mr. Enquist utilized a

program or application such as Photoshop to manipulate the messages. By taking a screenshot of the Signal message, saving the screenshot to his phone, editing the image in Photoshop to reflect an agreement of 10% of net profits, and then taking a screenshot of the newly edited image, Mr. Enquist could have effectively created an image with a contemporaneous date.

Further, Mr. Enquist could have created the messages by changing a contact name in his iPhone to "Davis Berg" and effectively messaging with himself from the mislabeled phone to make it appear as if Davis Berg were sending the messages. Reviewing the forensic image could show evidence of this manipulation method. As an example of how easily this could be accomplished, attached as **Exhibit "B"** is a Declaration of Richard Rivera showing a faked message from Silverado's principal with metadata showing near-contemporaneous screen shots.

Finally, Water Street's expert needs to search the forensic image of the iPhone and laptop for the existence of any programs that can change or manipulate metadata. Water Street's expert also needs to review all files created and sent during the time between the date the messages were sent and the date that reflects that they were captured, to determine whether Mr. Enquist emailed any files to himself for editing.

Simply put, the Court should not allow Silverado's expert to view the entire forensic image of the iPhone and laptop and then curate the experience for Water Street's expert. Water Street's expert being able to view the entire forensic image of the iPhone and laptop would simply level the playing field on this highly contested issue.

5

**SMITH, GAMBRELL & RUSSELL, LLP**

/s/ *Richard D. Rivera*
Steven E. Brust
Florida Bar No.: 0892091
Email: sebrust@sgrlaw.com
Alan S. Wachs
Florida Bar No.: 980160
Email: awachs@sgrlaw.com
Richard D. Rivera
Florida Bar No.: 0108251
Email: rrivera@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
Tel: (904) 598-6100
Fax: (904) 598-6300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2024, the foregoing document was filed with the Clerk of the Court using CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Richard D. Rivera*
Attorney
