| | |
|---|---|
| **From:** | Purdy, Lauren |
| **To:** | Rivera, Richard; Brust, Steve; Daum, Cassandra; Wachs, Alan |
| **Cc:** | Delise, Justin; Wells, David |
| **Subject:** | RE: Silverado/Water Street Discovery |
| **Date:** | Friday, June 28, 2024 12:17:04 PM |
| **Attachments:** | image002.png |

Rich,

I am following up again on my communications below. If we cannot get a response, we'll move forward with seeking assistance from the court. We understand that sometimes it takes a few days to get back with each other, but our emails have now gone unanswered for two weeks. And we are now going on a month with raising these issues without advancing the ball in any manner.

Please respond so that we can resolve the questions we've raised regarding Water Street's production.

Lauren

**From:** Purdy, Lauren
**Sent:** Tuesday, June 25, 2024 2:48 PM
**To:** 'Rivera, Richard' <rrivera@sgrlaw.com>; 'Brust, Steve' <SBRUST@sgrlaw.com>; 'Daum, Cassandra' <cdaum@sgrlaw.com>; 'Wachs, Alan' <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

Rich,

I am following up again on the discovery items below. We have been raising questions about the scope of Water Street's document production since May 31. You indicated you would get back to us with answers to these questions, and we are still waiting for a response to many of the substantive questions we have been raising for weeks. Have you reviewed the additional proposed searches we sent? What are the hit counts for the search terms? Do you have more information on the scope of Water Street's searches for documents, given it does not appear documents have been produced from any folder structure, desktop, etc., but only emails with attachments with just a few exceptions? Have you followed up regarding the Global Relay Archive? Do you have an update about a collection from the Teams chats? Etc.? When can we expect a production from any key witness cell phone, including Sean Mahoney?

Additionally, we expected an update last week about when our expert would receive access to the database relied on by your expert. When can we expect that to occur?

Although discovery is being pushed back, we cannot start depositions until we have confidence that a complete review of all relevant sources of documents/data has been conducted and that we have received the documents we have been requesting.

If we need to have a call, please let me know.

Thanks,

Lauren

---

**From:** Purdy, Lauren
**Sent:** Monday, June 24, 2024 4:00 PM
**To:** Rivera, Richard <rrivera@sgrlaw.com>; Brust, Steve <SBRUST@sgrlaw.com>; Daum, Cassandra <cdaum@sgrlaw.com>; Wachs, Alan <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

Rich, I figured I'd follow up on my emails from the 14th and last Friday while we're in the process of sending the court the proposed amended schedule. Can you please give me an update?

Thanks,

Lauren

**From:** Purdy, Lauren
**Sent:** Friday, June 21, 2024 12:37 PM
**To:** 'Rivera, Richard' <rrivera@sgrlaw.com>; 'Brust, Steve' <SBRUST@sgrlaw.com>; 'Daum, Cassandra' <cdaum@sgrlaw.com>; 'Wachs, Alan' <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

Rich,

I am following up on my email from last week. Have you reviewed the proposed search terms? Do you have answers to our questions below?

Thanks,

Lauren

---

**From:** Purdy, Lauren
**Sent:** Friday, June 14, 2024 2:45 PM
**To:** Rivera, Richard <rrivera@sgrlaw.com>; Brust, Steve <SBRUST@sgrlaw.com>; Daum, Cassandra <cdaum@sgrlaw.com>; Wachs, Alan <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

Rich,

Below reflects our call yesterday regarding the discovery issues discussed below and otherwise relating to Water Street's document collection and review process.

### ***Additional Search Parameters for Documents/Emails on Water Street Computers, Servers, Document Management Systems Other Than Cell Phones***

First, we discussed the search parameters Water Street used in searching for responsive documents. On Monday, you sent us a list of six words and an email domain, and far as date range, yesterday you indicated that you believed only a deadline date was set for the search and that there was no early date limiter. Please confirm that is the case. As we indicated, it appears certain emails exchanged between Davis Berg and Jeff Enquist from 2014 to 2020 that we know to exist (and that were produced by Silverado) were not produced, so we are trying to understand if there is a gap or more documents are forthcoming.

As discussed, we have identified additional search terms based on a review of the documents Water Street has produced. Those terms are attached. This set of search terms is not a waiver of our right to propose additional search terms based on what is produced.

### ***Sources of Data Collected (Water Street's Folderpaths)***

Another issue we identified was the question of whether there had been a collection of Water Street's documents aside from using key word searches, i.e., documents that are maintained in folders on Water Street's internal shared server or the individual desktops of Davis Berg, Gilchrist Berg, Ian Black, and Josh Resnick. Although he was not identified in your interrogatory responses, we also noted based on our review of the emails produced that Sean Mahoney appears to have been heavily involved with Water Street's investment in WKHS and RIDE, and we asked that you ensure documents/data relating to Mr. Mahoney were also collected.

You confirmed that a "standard search" of the shared servers and of the desktop was conducted. Upon further review of Water Street's productions and our discussion yesterday, we ask that you re-confirm Water Street's servers and local desktops were appropriately searched. You said that you sought to collect all folder structures that appeared to contain relevant information. But of the documents produced by Water Street, only 8 documents were considered "loose," meaning did not have a parent email or attachment. And of these 8 documents, 3 are Water Street compliance manuals, 3 are spreadsheets created for purposes of presuit mediation to show Water Street's profit information around the WKHS/RIDE investments, and 2 are 100+ page PDFs of various emails and attachments that were shared presuit. In other words, besides these documents, we did not receive any memos, research, analysis docs, etc. as stand alone documents—only as attachments to emails. We presume that Water Street would save documents relating to its investment in both companies in some format other than as attachments to emails. If we are missing something, please let us know.

### ***Sources of Data Collected (Searches of Applications Other than Outlook)***

The next issue we discussed was about the production from searchable sources other than Outlook. In Water Street's productions, we received several emails reflecting a summary of "Microsoft Teams" chats and "Bloomberg" chats that were not produced in the Microsoft Teams or Bloomberg chat formats. As you can see in the attached examples of each of these types of emails, they were captured using a tool called "Global Relay Archive." As we understand it, Global Relay Archive is a document retention tool that can be used to capture and preserve various sources of data and communications, including emails, instant messaging applications (e.g., Microsoft Teams), chat functions from websites such as Bloomberg, and files and communications from cell phones and social media. We have not received any documents that appear to be from the Global Relay Archive, and based on the production to date, it does not appear that Water Street searched either the native Microsoft Teams or Bloomberg applications, or searched the Global Relay Archive. Fundamentally, we still need to understand what data sources were searched and how the data was searched – as of now, the productions seem to suggest that the search was over Water Street's Outlook, rather than all sources of available documents/data.

We have the following specific questions about the Global Relay Archive as well:

- Does this tool capture anything for Water Street besides Microsoft Teams and Bloomberg? (social media accounts, cellphones, messaging apps, etc.)
- What are the parameters that cause Global Relay Archive to send documents via email as reflected in the attached?
- What are the current settings on the Global Relay Archive for purposes of retention and what are the settings for why certain conversations are sent via email?

You said you would follow up on searches of Microsoft Teams and other sources of relevant information, like Bloomberg. You also said you would look more into the Global Relay Archive tool and provide us more information about whether it was searched, and if not, a plan to search it. Please let us know as soon as you have more information about either of these follow-ups.

### *Collections of Water Street's Phones*

With respect to the phones of Davis Berg, Gilchrist Berg, and Josh Resnick, you explained that your vendor was currently working with them to create "backups" for transfer and upload to Relativity and that you expect to have Davis and Josh's backups tomorrow or Monday and Gilchrist's a week later because he is out of the country. You also explained that Ian Black's phone, which is an Android, requires a different process and that your vendor was working to meet with him in person to collect a copy of the information from Ian's phone.

You also took the position that none of the individuals needed to have their phones forensically imaged and that Davis and Gilchrist were particularly concerned with their privacy interest around their texts to each other, even being uncomfortable with you, their lawyers, looking at it. In general, we understand the importance of privacy interest, but communications directly between the two main witnesses on your side pre-litigation are particularly significant to the key issues in this case, and it is inevitable that their lawyers will need to review potentially irrelevant communications in

order to ensure Silverado receives discoverable information. Once we have an understanding of the volume of relevant texts/iMessages/messages on other applications, we can better discuss the review process.

We have conferred internally on your collection of a backup of the phones, rather than a forensic collection. We know that a backup does not capture a variety of information that can be important and that would be captured by a forensic collection, and particularly given the long delay in collecting any phone related data from these witnesses, simply collecting data by conducting a back up of the phones may not be sufficient. You also confirmed on our call that the Signal messages that are still present on Mr. Enquist's Signal application are no longer present on Mr. Berg's Signal application. Whether or not this loss of evidence was intention or inadvertent, it raises serious questions about what other discoverable evidence may have been loss due to a failure to properly and timely preserve relevant data. That said, once the collections are completed, we can discuss whether a more extensive collection, particularly for Davis Berg, should be conducted. Depending on the issues, what is collected may or may not be sufficient.

### *Water Street's Customer List*

We discussed Water Street producing a list of its customers that existed during the time period where Water Street was invested in WKHS/RIDE. You raised concerns about sharing this information with a "competitor," even though it would be marked "Attorneys' Eyes Only" and kept confidential. Regardless, you said you would follow up on how production of a list of customers, or something similar, would look. Please let us know the status of this when you can.

Also outstanding is your agreement to produce documents responsive to RFPs 14(d) and 14(e). Please keep us updated on your progress in producing documents responsive to those requests.

Thanks,

Lauren

---

**From:** Purdy, Lauren
**Sent:** Monday, June 10, 2024 11:36 PM
**To:** Rivera, Richard <rrivera@sgrlaw.com>; Brust, Steve <SBRUST@sgrlaw.com>; Daum, Cassandra <cdaum@sgrlaw.com>; Wachs, Alan <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

Rich,

Thank you for sending the search terms. We will be sending additional search terms, but in the meantime, we have the following questions about your protocol:

- You do not indicate the date parameters for your searches. For example, we requested, and Water Street agreed to produce, documents referring or relating to Mr. Enquist and Silverado

from prior to 2020, but none have been produced. We know communications exist prior to 2020, because we produced email correspondence to you from before that date. What date ranges did you use for your searches?

- Can you explain your search methodology in terms of production of emails within a thread? Has Water Street produced all relevant emails within a thread regardless of whether responses before or after the portion of the communication hit on the search terms? In other words, if an email on the top of the email chain does not hit on the terms, but a response lower on the chain does hit on the terms, has Water Street produced the entire, complete communication?

- You indicated you ran the below-referenced searches for emails. What was your protocol for the collection of relevant documents other than emails? Did you simply run these same key word searches over the server?

- We are completing our review of your documents but have noticed that to date, there appear to be no client communications and there appear to be no documents relating to investors/clients and WKHS and RIDE. Given Water Street agreed to produce all documents relating to both companies, we expect communications and other documents relating to investors/clients to be included. This would also include lists of clients who invested in either company as well. Are these documents being produced in a forthcoming production? If we've overlooked these documents in the productions to date, please let me know.

- Your amended interrogatory responses served May 5 stated "[t]he written communications on which Water Street relied in making recommendations or giving advice to its clients, or investing client funds, concerning investments in WKHS and RIDE were made via email." Besides simply asking your client how communications were made, what did you do to confirm all such communications were made via email?

Water Street Cell Phones

- Search Terms: you stated at the hearing that Water Street's witnesses represented to you that they do not conduct business via text message (and presumably iMessage). If there are in fact very little communications of the Water Street witnesses on their phones, then there is no reason to limit the parameters based on key word searches at all. Without information about the number of text messages present on each of the four key witnesses' phones among individuals within Water Street (or at the very least between or among Gilchrist Berg, Davis Berg, Ian Black and Josh Resnick) or with Mr. Enquist, there is no reason all texts cannot be reviewed and all relevant communications produced. By the same token, for third party consultants Water Street used to conduct research, we would presume you would simply identify all messages exchanged with the relevant cell phone numbers, review them and produce the responsive communications. Again, if Water Street in fact did not communicate via text/iMessage/etc. and only by phone or email, then there is no reason to utilize key words to limit the review because the universe of responsive communications should be very small.

- What do you mean by a "standard" collection? We understand a standard collection to be a forensic collection of the cell phone. Are you proposing to collect something less than the entire phone? What would be the basis for collecting less than the entire cell phone? Given we know the parties largely communicated on their phones, documents and other information was shared via the phone, and that information was likely exchanged, discussed and analyzed between and among Water Street key witnesses on their phones, it's hard for us to understand the justification for not forensically imaging each phone. This is all the more critical here given the lawsuit was filed more than a year ago and no electronic collection of data from any phone has occurred whatsoever.

- Will you be attempting to collect data from Davis Berg's Signal application?

- Have you confirmed whether any Signal messages remain on Mr. Berg's cellphone between himself and Mr. Enquist?

Eisehandler Docs

- Thanks for the courtesy on sending along your expert's documents and offering the extension to serve the rebuttal report. We'll accept the suggested extension. Maybe it makes sense to circle back on the date for serving the report once we get a little more direction from the court on the remaining deadlines? What do you think?

- One question, how do you propose to give our expert access to your expert's proprietary database she states she relied on for preparing her report?

We are trying to get the interrogatories signed this week. We've had some issues with getting to a notary around travel and other work commitments for our client.

I will respond separately to your other email response on the protocol for searching and producing relevant, discoverable data from Mr. Enquist's cell phone.

Lauren

**From:** Rivera, Richard <rrivera@sgrlaw.com>
**Sent:** Monday, June 10, 2024 1:21 PM
**To:** Purdy, Lauren <LPurdy@gunster.com>; Brust, Steve <SBRUST@sgrlaw.com>; Daum, Cassandra <cdaum@sgrlaw.com>; Wachs, Alan <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

> This email originated from **outside** of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Lauren,

Here are the search terms that were used to cull down the emails stored on Water Street's servers before reviewing for responsiveness for the emails in our productions:

- Enquist
- Silverado
- Workhorse
- Lordstown
- WKHS
- RIDE
- jeff@silveradocap.com

We believe that these would have captured all of the responsive messages concerning the issues in this case. However, if you have additional terms that you would like to be included, then we will run them on the emails along with the phones (as discussed further below).

For the phone collections, we are collecting from Josh Resnick, Davis Berg, and Ian Black, which is expected to occur this week. We are also collecting from Gilchrist Berg, but he is presently out of the country and we will coordinate with him upon his return next week. I note that your other email refers to these being forensic images, however, that is not what we agreed to in court last week. We will be conducting standard collections from these phones with the contents being loaded into Relativity for us to search using keywords as listed above (subject to any additional terms that are mutually agreeable).

Once we have any additional terms you want us to include, we will run the terms on both the emails and the phone collections and begin our responsiveness review.

For 14(d) and (e), we will have that information to you later this week.

We also expect to have Ms. Eisenhandler's file to you this week. As for the deadline for your rebuttal report, given the shifting case management deadlines, we are happy to extend another extension.

Finally, we were expecting to get your client's interrogatory responses last week. When can we expect those?

I am sending a separate email on the forensic image protocol and will be suggesting meeting times therein.

Thank you,
Rich

**Richard D. Rivera**
*Attorney at Law*

p | 904-598-6157
f | 904-598-6257



e | rrivera@sgrlaw.com
50 N. Laura Street | Suite 2600 | Jacksonville, FL 32202
www.sgrlaw.com   |   My Bio   |   vCard

**From:** Purdy, Lauren <LPurdy@gunster.com>
**Sent:** Monday, June 10, 2024 10:58 AM
**To:** Rivera, Richard <rrivera@sgrlaw.com>; Brust, Steve <SBRUST@sgrlaw.com>; Daum, Cassandra <cdaum@sgrlaw.com>; Wachs, Alan <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** RE: Silverado/Water Street Discovery

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Rich, following up on the below. Can we set a call to discuss?

**From:** Purdy, Lauren
**Sent:** Thursday, June 6, 2024 8:32 PM
**To:** Rivera, Richard <rrivera@sgrlaw.com>; Brust, Steve <SBRUST@sgrlaw.com>; Daum, Cassandra <cdaum@sgrlaw.com>; Wachs, Alan <awachs@sgrlaw.com>
**Cc:** Delise, Justin <JDelise@gunster.com>; Wells, David <DWells@gunster.com>
**Subject:** Silverado/Water Street Discovery

Rich,

We wanted to follow up on a few items from our call last Friday and that we briefly referenced after the hearing on Monday.

- When do you expect to get us the search protocol for identifying responsive emails and other documents from Water Street's servers? We think that would include the email domains searched, search terms, date ranges, etc. Putting aside the cell phone issues we've discussed, as well as the items referenced below, you all have represented you have produced all responsive documents to the First RFP. We want to make sure there are no further negotiations for additional terms that need to be discussed and negotiated. Can we expect to receive that list before COB tomorrow?

- Last week, we discussed RFP 14(d) "Your monthly positions in WKHS and RIDE as compared to the total amount of assets managed from inception of the investments to present". Do you have an update on when we might receive that information?

- We also discussed RFP 14(e). Our notes from the call indicate that you mentioned that the profits and losses reflected may not have accurately reflected the costs of research/vendors/etc. Understanding that you said it would not change the total amounts of profits significantly, we still need to know the exact amount of profits to understand the

accurate amount of net profits made on WKHS and RIDE. Can you confirm when we should expect to receive this? Or can you clarify if we are misunderstanding?

- As you know, Ms. Eisenhandler's expert report references numerous documents and data on which she relied. You indicated you would confirm for us the documents that have been produced (since no bates numbers are referenced), and we also discussed your production of the remaining documents on which she relied that have not been produced. We also need to discuss access to Ms. Eisehandler's MarketLook Compensation Platform. How can you provide access? Additionally, does Ms. Eisehandler have interview notes from her interviews with Josh Resnick and Davis Berg?

Let me know if you would like to discuss.

Thanks,

Lauren



**Lauren Vickroy Purdy** | Shareholder
Business Litigation, Professional Liability Defense and Appeals
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
**P** 904-350-7168 **F** 904-354-2170
gunster.com | LPurdy@gunster.com